UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE W.,

                      Plaintiff,

v.                                                                      1:20-CV-1423
                                                                             (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

APPEARANCES:                                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        ANTHONY ROONEY, ESQ.
  Counsel for Plaintiff                                    KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                    CATHARINE ZURBRUGG, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A.   Factual Background

Plaintiff was born in 1959.  (T. 54.)  He completed the 11th grade.  (T. 155.)  Generally, Plaintiff's alleged disability consists of left leg impairment, arthritis, and "stomach" impairment.  (T. 154.)  His alleged disability onset date is September 1, 2014.  (T. 54.)

### B.   Procedural History

On March 23, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 54.)  Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On May 2, 2019, Plaintiff appeared before the ALJ, Stephan Bell.  (T. 25-53.)  On June 21, 2019, ALJ Bell issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-24.)  On August 4, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 17-20.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 23, 2017.  (T. 17.)  Second, the ALJ found Plaintiff had the medically determinable impairments of status post left tibia fracture and surgical repair, arthritis, and status post left wrist fracture.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment or combination of impairments that significantly limited, or was expected to significantly limit, the ability to perform basic work-related

activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments. (T. 18.) The ALJ concluded Plaintiff had not been under a disability since March 23, 2017. (T. 20.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ erred in finding no severe impairments. (Dkt. No. 12 at 7-12.) Plaintiff also filed a reply in which he deemed no reply necessary. (Dkt. No. 15.)

### B.     Defendant's Arguments

In response, Defendant makes three arguments. Defendant argues substantial evidence supported the ALJ's conclusion. (Dkt. No. 14 at 10-12.) Second, Defendant argues Plaintiff failed to meet his burden at step two. (*Id*. at 12-15.) Third, and lastly, Defendant argues the ALJ did not require a medical opinion to make his determination. (*Id*. at 15-17.)

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether

the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

Plaintiff argues the ALJ erred in finding no severe impairments at step two despite evidence of symptoms from a surgery in 2000 and opinions that Plaintiff had moderate limitations.  (Dkt. No. 12 at 7.)  Plaintiff argues, opinion evidence in the record "would support at least a finding of a severe impairment at step two, but the ALJ rejected them based on a lay reading of the evidence." (*Id*. at 10-12.)  For the reasons outlined below, the ALJ's step two determination was proper and supported by substantial evidence in the record.

In so far as Plaintiff argues the ALJ's step two determination was based on his lay reading of the record because he "rejected" the only medical opinion evidence, Plaintiff's argument fails.  Although Plaintiff asserts opinion evidence of moderate

5

limitations may support a finding of a severe impairment, the ALJ properly afforded the opinion evidence little weight and the ALJ's step two determination supported by substantial evidence.

In general, at step two of the disability analysis, the ALJ determines whether the plaintiff has an impairment, or combination of impairments, that is "severe" within the meaning of the regulations, in that it imposes significant restrictions on plaintiff's ability to perform basic work activities.  20 C.F.R. § 416.920(c)[1].  The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers and usual work situations"; and "[d]ealing with changes in a routine work setting."  *Id*. § 416.922(b)(1)-(6).  In addition, to be severe, the impairment must satisfy a durational requirement of twelve months.  *See id*. §§ 416.909, 416.920(a)(4)(ii).

Step two's severity requirement is *de minimis* and is meant only to screen out the weakest of claims.  *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir. 1995).  However, despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'"  *Taylor v. Astrue*, 32 F. Supp. 3d

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

253, 265 (N.D.N.Y. 2012) (quoting *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995)). "Rather, to be considered severe, an impairment or combination of impairments must cause more than minimal limitations in [a claimant's] ability to perform work-related functions." *Hastrich v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 388, 397 (W.D.N.Y. 2019), *appeal dismissed* (July 18, 2019) (citations omitted); *see* 20 C.F.R. § 404.1624(c). Lastly, Plaintiff bears the burden of presenting evidence establishing severity. *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor,* 32 F. Supp. 3d at 265); *see also* 20 C.F.R. § 416.912(a).

At step two the ALJ determined Plaintiff had medically determinable impairments; however, the ALJ determined the impairments were not severe. (T. 17-18.) In making his determination, the ALJ afforded "little weight" to employability assessment forms completed by Nicole Baier, P.A. and Howard Sperry, M.D. (T. 20.)

The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. 20 C.F.R. § 416.927(c)(1)-(6).

On September 23, 2015, Ms. Baier completed a form indicating Plaintiff was "employable;" however, he could not lift or carry over 20 pounds; should avoid "continuous/repetitive/frequent fine motor/grasping/gripping" with his left hand; and should not stand more than 30 minutes without rest. (T. 273.) The record does not contain any treatment notations from Ms. Baier.

On March 8, 2016, Dr. Sperry completed an employability form. (T. 276-279.) Provided with the options of "no evidence of limitations," "moderately limited," and "very

limited," Dr. Sperry indicated Plaintiff was "moderately limited in his ability to stand, lift/carry, and push/pull/bend. (T. 279.) When asked if Plaintiff had "severe impairment(s) which has lasted, or is expected to last at least 12 months," Dr. Sperry answered "no, some limitations due to weakness of left arm [and] leg." (*Id*.)

On March 18, 2014, three years before his application for benefits, Plaintiff sought treatment from Dr. Sperry with a chief complaint of "loss of bowels." (T. 244.) Plaintiff reported a history of arthritis in his left ankle and numbness in left hand. (*Id*.) Plaintiff was observed to have full mobility. (T. 245.) On March 8, 2016, Plaintiff sought treatment from Dr. Sperry for a "cough" and was assessed with pneumonia. (T. 242-243.) Dr. Sperry did not examine Plaintiff's extremities at that time. (T. 243.) The record contains no other treatment notations from Dr. Sperry and a notation from March 2019 indicates Plaintiff sought to establish care with a new general physician. (T. 292.)

The ALJ concluded Ms. Baier's and Dr. Sperry's opined limitations were not supported by the "underlying evidence" in the record. (T. 20.) The "underlying evidence" relied on by the ALJ in weighing the opinion evidence included Plaintiff's testimony and objective medical evidence. (T. 18-20); *see Curry v. Comm'r Soc. Sec*., 855 F. App'x 46 (2d Cir. 2021) (in assessing opinion evidence the ALJ properly relied on substantial gaps in treatment, plaintiff's statement of daily activities, and treatment notations). Although Plaintiff failed to complete an activities of daily living questionnaire, he testified at the hearing that he stopped working due to arthritis in his hands, legs, back, and "all over." (T. 18.) He testified he was not currently receiving medical treatment and was taking Zantac for his stomach; however, was not taking any other medications. (T. 18, 32, 34-35.) He further testified he lived alone, played darts and

cards with friends, watched TV, did not lift anything heavy "like a couch," and shopped once a month. (T. 19, 32, 37, 39.) Regarding daily activities, the ALJ noted the record contained reports that Plaintiff was working as a handyman. (T. 20.) Indeed, Plaintiff reported to providers in 2018 he was working as a handyman (T. 226) and cleaning floors (T. 246).

The ALJ noted the record contained references to a left leg surgery in the early 2000s; however, the record contained no imaging or record of treatment for Plaintiff's leg. (T. 19.) The ALJ further considered the record contained reports of osteoarthritis, but there were no objective tests to confirm the diagnosis and Plaintiff did not receive medical treatment for this impairment. (*Id*.) Regarding Plaintiff's left wrist, the ALJ considered evidence Plaintiff fell off his bicycle and suffered an intra-artular distal radius fracture. (*Id*.)

Further, as noted by Defendant, it is unclear to what extent the opinions were based on objective medical findings, as opposed to simply relying on Plaintiff's subjective complaints. *See Gates v. Astrue*, 338 F. App'x 46, 49 (2d Cir. 2009) (finding ALJ properly discounted doctor's findings when they were based on the "unreliable foundation" of plaintiff's unsupported allegations). Indeed, as outlined above, the record contains no treatment notations from Ms. Braier and only two treatment notations from Dr. Sperry. The opinions also predated the application date by more than a year. (T. 273 (September 2015); T. 279 (March 2016)); *see Edwards v. Shalala*, 165 F.3d 13 (2d Cir. 1998) (noting that a failure to provide evidence from within the relevant period "seriously undermines the claimant's contention that he was continuously disabled during that time.").

Overall, the ALJ properly relied on the fact that there was no objective medical evidence of ongoing problems, and no treatment for the impairments during the relevant period. (T. 19-20.) Notably, Plaintiff does not identify any evidence that the ALJ allegedly overlooked or misinterpreted. (Dkt. No. 12 at 9-12.) Therefore, the ALJ properly found that the opinions were inconsistent with the record as a whole. *See* 20 C.F.R. § 416.927(c)(4).

In addition to the opinions in the record, the ALJ relied on other evidence in making his step two determination. The ALJ noted there was no imaging of Plaintiff's left leg injury, no record of treatment for lower left leg pain, and three separate physical examinations found no problems with Plaintiff's lower extremities. (T. 19, 215, 227, 302.) Further, the ALJ noted there were no medical tests showing arthritis and no treatment for arthritis, but there were visits to multiple providers where Plaintiff reported doing well with no complaints. (T. 19, 246, 264, 268.) Plaintiff's wrist fracture was treated routinely at the emergency department and there were no complications noted during the initial treatment or at a follow-up after removing the cast. (T. 19-20, 226, 227, 232, 239.)

The Court cannot set aside the Commissioner's disability determination unless it finds the decision is based on either legal error or factual findings that are unsupported by substantial evidence. The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires

deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). The ALJ properly afforded little weight to the opinion evidence in the record and substantial evidence supported the ALJ's step two determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: May 2, 2022

                                                            William B. Mitchell Carter
                                                            U.S. Magistrate Judge